RECEIVED
USDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
5/22/15
yT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DESHUNDRICK L. DAWSON (#416236) | DOCKET NO. 15-CV-643; SEC. P |
| VERSUS | JUDGE DRELL |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Deshundrick L. Dawson filed the instant civil rights complaint *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. He complains that he received delayed medical care for a hernia in violation of his constitutional rights. He names as defendants Corrections Corporation of America (CCA), James LeBlanc, Dr. Singleton, Daniel Marr, LPN Jones, D. Mora, and Dr. Kuplesky.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that on February 24, 2014, he submitted a sick call request because his intestine was pushing against the bottom of his stomach and he was experiencing pain. He was examined by LPN Smith, who referred Plaintiff to the medical doctor. Plaintiff was instructed to obtain Tylenol from the key officer in the interim.

On March 18, 2014, Plaintiff made a medical emergency due to continued pain. LPN Smith prescribed Motrin 600mg by mouth twice daily for seven days. [Doc. #1, p.15]

On March 20, 2014, Plaintiff was referred to the surgery clinic at the E.A. Conway Surgery Clinic.

Plaintiff was examined at E.A. Conway on April 2, 2014. [Doc. #1, p.5] Plaintiff was diagnosed with a right inguinal hernia 3x3cm in diameter and reducible, no scrotal component. Surgery was not considered to be urgent by the surgical department. Plaintiff alleges that he was prescribed pain medication at the hospital, but he was never provided that medication at WNC. [Doc. #1, p.5]

The DOC reviewed the recommendations from E.A. Conway on April 4, 2014, and a note on April 16, 2014, states that "Dr. Singh reviewed. Hernia is documented by general surgery as reducible. Hold all surgeries if hernia is reducible per medical director effective 10-31-13."

On July 16, 2014, Plaintiff made a sick call complaining that the size of the hernia was increasing and becoming harder to "push back in." [Doc. #1, p.15]

Plaintiff was scheduled for hernia repair surgery on February 3, 2015. However, WNC failed to inform Plaintiff in advance about the surgery and instruct Plaintiff not to consume food prior to the surgery. Thus, the surgery had to be postponed. Plaintiff claims that his hernia grew and became more difficult to "push back in,"

causing him physical pain. [Doc. #1, p.5-6]

Plaintiff ultimately received the hernia surgery on March 10, 2015. He was returned to the prison with surgical staples in his abdomen, and he only provided Motrin for pain until March 15, 2015, when his medication was switched to Ultram.

### *Law and Analysis*

Plaintiff initially filed suit seeking monetary damages for the deprivation of medical care because he had not yet received the hernia surgery. Since that time, he has undergone a successful operation. [Doc. #5]

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. Id.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff

received the treatment he felt he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Even unsuccessful medical treatment does not provide a basis for a civil action under 42 U.S.C. §1983 for violation of a constitutional right. See Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991), Johnson v. Treen, supra. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. See Varnado, supra.

First, the medical opinion of the physicians at the surgical center was that Plaintiff was diagnosed with a right inguinal hernia 3x3cm in diameter, reducible, no scrotal component. Surgery was **not** considered to be urgent by the surgical department. Courts have often found that a failure to undertake surgical intervention for a reducible hernia is not deliberate indifference to a serious medical need. See, e.g., Clark v. Adams, 233 Fed. Appx. 400 (5th Cir.2007) (upholding the dismissal, as frivolous, of an inmate's claim regarding a failure to provide surgical intervention for a reducible hernia); Mesa v. Kasule, 2013 WL 2151706 (E.D.Tex. May 15, 2013) (dismissing an inmate's claim regarding non-surgical treatment of his hernia as frivolous); Jones v. Schmidt, Civil Action No. 13-685 (M.D.La.), 2014 WL 6772493.

Moreover, Plaintiff indicates that he received medical attention each time it was requested. The fact that he disagrees with the treatment provided or medication prescribed does not state

a valid claim. Disagreement with diagnosis or treatment cannot support a claim of deliberate indifference. See <u>Banuelos v. McFarland</u>, 41 F.3d 232, 235 (5th Cir. 1995); <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). WNC's failure to follow the treatment prescribed by the E.A. Conway physicians does not state a claim, either. In <u>Stewart v. Murphy</u>, 174 F.3d 530, 535 (5th Cir. 1999), the Fifth Circuit found that the failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference. The court found that the doctors had differing opinions as to the appropriate method of treatment under the circumstances. Plaintiff has not provided non-conclusory allegations of deliberate indifference to his serious medical needs.

Although there was a delay in surgery from the scheduled date of February 3, 2015, until March 10, 2015, Plaintiff does not allege that this delay was the result of deliberate indifference or that it resulted in substantial harm. First, his allegations indicate that the surgery had to be postponed due to an error, or negligence at best, by WNC staff in failing to properly prepare Plaintiff for the procedure. Furthermore, a "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." <u>Easter v. Powell</u>, 467 F.3d 459, 463 (5th Cir. 2006). The one-month delay did not result in a worsening of Plaintiff's condition.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**


**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 01st [handwritten] day of ~~April~~ May [handwritten], 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

